## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                                    **Case No. 07-20073-01/01-JWL**

**Guy Neighbors**
    **and,**
**Carrie Neighbors,**

       **Defendants.**

### MEMORANDUM & ORDER

    Mr. Guy S. Neighbors and Ms. Carrie Neighbors ("defendants") have moved to dismiss with prejudice one of the criminal charges in a four-count indictment against them on the ground that the government has failed to bring them to trial promptly in violation of the Speedy Trial Act, 18 U.S.C. § 3161. The government objects.

### I.    Background

    On December 7, 2006, the Neighbors were indicted for being unlawful users of a controlled substance who knowingly and unlawfully possessed firearms under chapter 18, sections 922(g)(3) and 924(a)(2), United States Code.  The defendants made their first appearance on December 12, 2006 in case No. 06-20171-CM, which is referred to by this court as the "first indictment" or "first case."  On January 3, 2007, and February 5, 2007, defendant Carrie Neighbors filed Motions for Extension of Time to File Pretrial Motions, which the judge granted.  The excluded time from these motions was also applied to co-defendant Guy

Neighbors.   On March 26, 2007, the court made a text entry noting that no motions had been filed, and the jury trial was scheduled to begin on May 7, 2007.   On May 4, 2007, the government filed a Motion to Dismiss Indictment as to both defendants based on additional evidence discovered during the ongoing investigation.   The judge sustained the motion on May 10, 2007, dismissing the indictment without prejudice.

On June 20, 2007, the defendants were indicted on four counts, including conspiring to manufacture marijuana, being unlawful users of a controlled substance who knowingly and unlawfully possessed firearms under chapter 18, sections 922(g)(3) and 924(a)(2) ("Count 2"), and two counts for knowingly and intentionally manufacturing marijuana.   The court will refer to this indictment as the "second indictment." (Doc. # 1) Defendants appeared before a magistrate judge on June 25, 2007.   On July 17, 2007, defendant Guy Neighbors filed a Motion for Extension of Time to File Pretrial Motions (Doc. # 16).   At a hearing on August 13, 2007, the court took the Motion for Extension of Time under advisement and granted Guy Neighbors's Motion to Withdraw his attorney (Doc. # 18).   The Motion for Extension of Time was later granted on September 10, 2007.

On September 11, 2007, counsel for Carrie Neighbors filed the Motion to Dismiss Count 2 (Doc. # 24) ("Motion"), currently at issue before the court.  Guy Neighbors also filed a Motion to Disclose Expert Testimony (Doc. # 27) on October 15, 2007, which is still pending.   At the evidentiary hearing on   November 5, 2007, Guy Neighbors was permitted to join Carrie Neighbor's Motion to Dismiss via his Motion to Join Co-defendant's Motion to Dismiss Indictment (Doc. # 28), thereby mooting his Motion to Dismiss Indictment (Doc. # 25) that had

2

been filed on September 12, 2007.  The Court also took the Motion to Dismiss Count 2 under advisement, and after thoroughly considering the parties' arguments, the court grants the Motion but reserves the determination of whether to grant it with or without prejudice until after an evidentiary hearing on the issue.

## II.    Analysis

The Speedy Trial Act, 18 U.S.C. § 3161 *et. seq.*, is designed to protect a criminal defendant's constitutional right to a speedy trial.  *United States v. Apperson*, 441 F.3d 1162, 1177 (10th Cir. 2006); *see also United States v. Tsosie*, 966 F.2d 1357, 1361 (10th Cir. 1992) ("[T]he intent of the Act [is] to balance protection of the accused against society's interest in efficient criminal process.").  It "requires that a criminal defendant's trial commence within seventy days after his indictment or initial appearance, whichever is later.  Certain periods of delay, outlined in detail in the STA, are excluded and do not count toward the seventy-day limit." *See id.* at 1178, *citing* 18 U.S.C. § 3161(c)(1), (h)(1)-(9); *United States v. Lugo*, 170 F.3d 996, 1000-01 (10th Cir. 1999).  If a defendant is not brought to trial within the seventy day deadline, which is subject to statutory exclusions, "dismissal of the indictment is mandatory." *United States v. Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir. 2006), *quoting United States v. Doran*, 882 F.2d 1511, 1517 (10th Cir. 1989).  "The 'indictment shall be dismissed on motion of the defendant." *Abdush-Shakur*, 465 F.3d at 462, *quoting United States v. Vaughn*, 370 F.3d 1049, 1055 (10th Cir. 2004); *see also* 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time limit required by section 3161(c) [18 U.S.C. § 3161(c)] as extended by

3

section 3161(h) [18 U.S.C. § 3161(h)], the information or indictment shall be dismissed on motion of the defendant.").

## A. Whether the time accrued under the first indictment for Speedy Trial Act purposes is added to the time under the second indictment when the government moved to dismiss the first indictment

The Neighbors brought a Motion to Dismiss Indictment as to Count 2 of the second indictment[1] under chapter 18, section 3161(c)(1), United States Code, which relates to the seventy day deadline.[2]  The Neighbors also cited section 3161(d)(1), but misinterpreted the language, as did the government.

> If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

---

[1]There apparently was some confusion as to what the defendants were requesting of the court–to dismiss the entire second indictment or only the one charge found in both the first and second indictment.  Upon inquiry by the court at the hearing, defense counsel clarified that they were moving only to dismiss Count 2 of the second indictment, which was the only count in the first indictment.

[2]"In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).

4

18 U.S.C. § 3161(d)(1). Both sides apparently interpreted the language "the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information" to mean that the seventy day time period from section 3161(c)(1) would *not* start anew with the second indictment. This language, however, is interpreted to mean that when those sections do apply, a new seventy day time period *does* begin for purposes of the Speedy Trial Act.

The question, then, is whether the provisions of section 3161(d)(1), and therefore a new time period under section 3161(c)(1), apply when the government files the motion to dismiss the first indictment. In a recent case, the Tenth Circuit provided a clear and concise description of the relationship between sections 3161(c) and 3161(d)(1):

> Under § 3161(d)(1), if an indictment is dismissed upon motion of the defendant and he is subsequently re-indicted with the same offense, the new indictment begins a new seventy-day period. *See* § 3161(c); *see also United States v. Andrews*, 790 F.2d 803, 809, n.4 (10th Cir. 1986); *United States v. Brown*, 183 F.3d 1306, 1310 (11th Cir. 1999) ("[Section] 3161(d)(1) resets the periods in which a defendant must be indicted and tried."); *United States v. Duque*, 62 F.3d 1146, 1150 (9th Cir. 1995) (holding the "Speedy Trial Act clock starts fresh" when the defendant moves to dismiss and is reindicted); *United States v. Giambrone*, 920 F.2d 176, 179 (2d Cir. 1990) ("[W]hen the indictment is dismissed on motion of the defendant and there is reprosecution, the 70-day period provided by § 3161(c) begins anew."). . . .
>
> However, *where the government moves to dismiss the indictment . . . and then refiles a second indictment alleging the same charges, the government does not get a new seventy-day clock. See United States v. Gonzales*, 137 F.3d 1431, 1433-34 (10th Cir. 1998); *United States v. Broadwater*, 151 F.3d 1359, 1360 (11th Cir. 1998) ("If the government moves to dismiss a count following a mistrial, it does not get a 'fresh clock' on reindictment; rather, the time is tolled from the dismissal of the original count until the reindictment.") (emphasis added); *United States v. Menzer*, 29 F.3d 1223, 1227-28 (7th Cir. 1994); *United States v. Hoslett*, 998 F.2d 648, 658 (9th Cir. 1993); *United States v. Leone*, 823 F.2d 246, 248 (8th

> Cir. 1987) (same). "The reason for this rule is obvious. If the clock began anew,
> the government could circumvent the limitations of the Speedy Trial Act by
> repeatedly dismissing and refiling charges against a defendant." *Hoslett*, 998 F.2d
> at 658, n.12; *see also United States v. Rojas-Contreras*, 474 U.S. 231, 239 (1985)
> (Blackmun, J., concurring) (same).

*United States v. Abdush-Shakur*, 465 F.3d 458, 463, n.4 (10th Cir. 2006) (emphasis added); *see also* 18 U.S.C. § 3161(h)(6) (stating that when the original indictment is dismissed upon motion of the government "and thereafter a charge is filed against the defendant for the same offense" the time is tolled between the dismissal of the first indictment and when the time commences for the subsequent charge, i.e., upon indictment or appearance); *United States v. Magana-Olvera*, 917 F.2d 401, 405 (9th Cir. 1990) ("[I]f the first indictment is dismissed on the government's motion, the statutory time limit is merely suspended until a new indictment is returned; the 70-day clock is not reset.").  It is clear that when the government moves to dismiss the first indictment, as was the case here, the Speedy Trial Act clock does not begin anew for the same charge filed in the second indictment; the time accrued towards the seventy days under the first indictment is added to the time under the second indictment.[3]

---

[3]The government also made the argument at the hearing that because no challenge was made at the time the first indictment was dismissed without prejudice, the defendants should not now be able to bring this motion to dismiss.  This, however, is not the same argument the defendants now make.  There is nothing in a dismissal without prejudice that also means the government can disregard the time limits of the Speedy Trial Act.  While the government was free to indict  the defendants with the same charge based upon the "without prejudice" order, it still had an obligation to do so under the applicable time limits of section 3161(c)(1) because the government, not the defendant, moved to dismiss the first indictment.  The argument, therefore, has no influence on the fact that the Speedy Trial Act deadline does not start over when the government is the party that filed the motion to dismiss the first indictment.

**B. Calculation of time under the Speedy Trial Act**

The court concludes that the time accrued under the first indictment must be combined with the time under the second indictment, so it is necessary to calculate the time included within the Speedy Trial Act provisions.  For a Speedy Trial Act violation to have occurred, seventy non-excludable days must have passed since defendants appeared before the judicial officer on December 12, 2006.  "The defendant shall have the burden of proof of supporting such motion [to dismiss indictment pursuant to the Speedy Trial Act] but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under [18 U.S.C. §] 3161(h)(3)."  18 U.S.C. § 3162(a)(2).

In the Motion to Dismiss and at the hearing, the defendants claim that after reviewing the docket sheet, they determined there were sixty-three days that should be included within the Speedy Trial Act calculation under the first indictment.  The sixty-three day total was determined based on time between December 7, 2006, the day that the indictment was filed, and May 10, 2007, the day the indictment was dismissed.  The first appearance as to the second indictment was made on June 25, 2007 and Guy Neighbors filed a Motion to Extend Pretrial Motion Deadlines on July 17, 2007.  Between these dates, the defendant calculated that twenty-two days should be included in the Speedy Trial Act calculations.  Under both indictments, the defendants' totals show the number of days as eighty-five.  Upon independent review by this court, according to ECF, fifty-eight days had accrued under the first indictment and twenty-one days under the second indictment, totaling seventy-nine.

The government has the burden of proving any applicable exclusion of time under the Act. 18 U.S.C. § 3162(a)(2). The government stated in its motion that twenty-two days had elapsed under the second indictment, but made no other challenges to the calculations either in its response to the motion or at the hearing. Whether the defendants' calculation or the calculation by ECF is accepted, the seventy day deadline has passed, and the government has not proven that any other exclusions should apply to extend that time. The court, therefore, grants the Motion to Dismiss Count 2 of the second indictment. *See* 18 U.S.C. § 3162(a)(2); *Abdush-Shakur*, 465 F.3d at 462 ("Subject to statutory exclusions, if a defendant is not brought to trial within the seventy-day deadline, dismissal of the indictment is mandatory.").

**C. Whether the dismissal of the case due to a Speedy Trial Act violation should be with or without prejudice**

Because the seventy day deadline has passed and the court dismisses the indictment on Count 2, the court must determine whether the charge should be dismissed with or without prejudice. *Abdush-Shakur*, 465 F.3d at 462 ("[T]he district court retains broad discretion whether to dismiss the indictment with or without prejudice."). "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter [18 U.S.C. §§ 3161 et seq.] and on the administration of justice." 18 U.S.C. § 3162(a)(2). Prejudice to the defendant is among the other factors relevant to the district court's consideration. *Abdush-Shakur*, 465 F.3d at 462*, citing United States v. Taylor*, 487 U.S. 326, 334 (1988).

8

At the hearing because the court had not yet resolved whether there was a Speedy Trial Act violation, little evidence or argument relating to these "with or without prejudice" factors was presented. Now that the court has determined there has been such a violation and that Count 2 will be dismissed, the court will hold an evidentiary hearing on the limited issue of whether the count should be dismissed with or without prejudice. The court will take into consideration evidence and arguments regarding the seriousness of the offense, facts and circumstances that led to the dismissal, and the impact reprosecution would have on the administration of the Speedy Trial Act and on the administration of justice, as well as other factors, including the prejudice suffered by the defendants.

## III.    Conclusion

In sum the court finds that where the government filed the motion to dismiss the first indictment, the seventy day Speedy Trial Act time period does not start anew. Instead, the time accrued under the first indictment is added to the accumulated time of the second indictment. Based on this and the corresponding calculation of time exceeding seventy days, the court grants defendants' Motion to Dismiss Count 2. The court reserves the ruling of whether to grant the Motion with or without prejudice until an evidentiary hearing is conducted on the matter.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion to Dismiss Count 2 (Doc. # 24) is **GRANTED**, but **RESERVES** the determination of whether to grant the motion with or without prejudice until after the evidentiary hearing.

**IT IS SO ORDERED.**

9

Dated this 16th   day of November, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge